# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **WORLD SOLUTIONS MANAGEMENT GROUP, LLC,** a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**KEVIN O'HALLORAN,** as receiver for AirNet Systems, Inc., an Ohio corporation, and **GLOBAL AEROLEASING, LLC,** a Florida limited liability company,<br><br>Defendants. | 1:17-cv-1937-WSD |

## OPINION AND ORDER

On May 26, 2017, Plaintiff World Solutions Management Group, LLC ("Plaintiff" or "World Solutions") filed its Complaint [1].

The Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 12). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the

proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, the Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

Plaintiff's Complaint does not adequately allege diversity jurisdiction because it fails to identify the citizenship of Defendant Global Aeroleasing, LLC ("GAL"). The Complaint asserts that Defendant GAL is "a Florida limited liability company with its principal place of business in Florida . . . ." (Compl. ¶ 10). This

allegation is insufficient because a limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has its principal office. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company." Id.

The Complaint also asserts that Plaintiff "is a limited liability company, none of whose members are citizens of either Ohio or Florida. Its principal place of business is [located in] Nevada." (Compl. ¶ 7). This allegation is insufficient because a "negative" allegation does not satisfy Plaintiff's burden. See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011) (quoting Cameron v. Hodges, 127 U.S. 322, 324–25 (1888)) (explaining that an allegation that a party is "not" a citizen of a particular state is not sufficient to establish diversity jurisdiction). Plaintiff is required to "specifically allege each party's citizenship." See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979) (per curiam); see also Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be "distinctly and affirmatively alleged.").

3

Plaintiff is required to file an amended complaint that properly alleges the parties' citizenship. Failure to do so will result in dismissal of this action. See Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction); LR 41.3(A)(2), NDGa (permitting the court to "dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case").

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before June 9, 2017, an amended complaint that properly alleges the citizenship of the parties in this case. Failure to do so will result in dismissal of this action.

**SO ORDERED** this 31st day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE